UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOAQUIN CORTES and RAUL MERA,

                              Plaintiffs,                    CIVIL ACTION NO.

                        -against-

                                                COMPLAINT

DS BROOKLYN PORTFOLIO OWNER LLC,
DS 138 LUDLOW LLC, BLAKE-RIV REALTY, LLC,
TIER 1 GROUP LLC, DELSHAH MANAGEMENT, LLC,
and LUIS FEIJOO,

                              Defendants.
-------------------------------------------------------------------------X

       Plaintiffs Joaquin Cortes and Raul Mera, by their attorneys, Katz Melinger PLLC,

complaining of the defendants, DS Brooklyn Portfolio Owner LLC ("DS Portfolio"), DS 138

Ludlow LLC ("DS Ludlow"), Blake-Riv Realty, LLC ("BRR"), Tier 1 Group LLC ("Tier 1"),

Delshah Management, LLC ("Delshah"), and Luis Feijoo (collectively, "Defendants"),

respectfully alleges as follows:

## I.      Nature of Action, Jurisdiction, and Venue

       1.      This is an action seeking equitable and legal relief for Defendants' violations of

the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), the New

York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL") and applicable wage orders, and New

York City Local Law 140 of 2016, known as the Freelance Isn't Free Act ("FIFA").

       2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action

arising under the FLSA.

       3.      This Court has supplemental jurisdiction over the claims arising under the NYLL

and FIFA pursuant to 28 U.S.C. § 1367, in that the Plaintiffs' New York state and city law claims

1

are so closely related to their FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II.      Parties

5.      Plaintiffs Joaquin Cortes and Raul Mera are individuals residing in the state of New York.

6.      At all relevant times, Cortes and Mera were non-exempt covered employees within the meaning of the FLSA and the NYLL.

7.      DS Portfolio is a foreign limited liability company authorized to do business in New York with its principal place of business located at 114 East 13th Street, Front 1, New York, New York 10003.

8.      DS Ludlow is a foreign limited liability company authorized to do business in New York with its principal place of business located at 114 East 13th Street, Front 1, New York, New York 10003.

9.      BRR is a domestic limited liability company with its principal place of business located at 138 Orchard Street, New York, New York 10002.

10.      Tier 1 is a domestic limited liability company with its principal place of business located at 114 East 13th Street, Front 1, New York, New York 10003.

11.      Delshah is a domestic limited liability company with its principal place of business located at 114 East 13th Street, Front 1, New York, New York 10003.

12.     DS Portfolio, DS Ludlow and BRR are entities that own real property in New York (the "Building Defendants").

13.     Tier 1 provides construction and maintenance for the Building Defendants.

14.     Delshah is a real estate management company that operates, controls, and manages the Building Defendants and Tier 1.

15.     Defendant Feijoo is and individual residing, upon information and belief, in the State of New York.

16.     Upon information and belief, Defendants share common ownership and management, and operate for a common business purpose of real estate development, rental, and management.

17.     At all relevant times, each of the Defendants was or is a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

18.     Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Cortes.

19.     Defendants DS Ludlow, Tier 1, and Feijoo (the "138 Defendants") are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Mera.

20.     Upon information and belief, Feijoo directed and supervised the operation of each of the Defendants, and provided employees to each of the Defendants as necessary.

21.     In addition, Feijoo hired and fired the employees of the Defendants, including Plaintiffs.

22.     Upon information and belief, at all relevant times, Feijoo was the head of facilities of Delshah, and the principal of Tier 1.

23.     All Defendants are subject to suit under the statutes alleged above.

### III.     Factual Allegations

### Plaintiff Cortes' Construction Work with Defendants

24.     Plaintiff Cortes was hired by Feijoo to work at Tier 1 as a manual laborer in or around July 1, 2016, and continued to work at Tier 1 until on or about February 28, 2018.

25.     As a manual laborer, Cortes' job duties included painting and cleaning apartments, along with light construction work such as tiling and ceramic work.

26.     During his time working as a manual laborer, Cortes regularly worked Mondays through Fridays from approximately 8:00 a.m. to 6:00 p.m., with a one (1) hour meal break each day, for a total of approximately forty-five (45) hours per week.

27.     In addition to his regularly scheduled hours, around two (2) days per month Cortes worked until approximately 8:00 p.m. on normal weekdays, and around three (3) days per month Cortes worked on Saturdays, from approximately 8:00 a.m. to 6:00 p.m., bringing his average to approximately fifty-one and three-quarters (51.75) work hours per week.

28.     During this time period, on weeks that he did not work Saturdays, Cortes was paid $750.00 per week regardless of the number of hours he worked per week.

29.     When Cortes worked on Saturdays he was paid an additional $220.00, bringing his total weekly compensation to $970.00 during such weeks.

30.     Although Cortes was a non-exempt employee who regularly worked more than forty (40) hours per week, Cortes was not paid one and one-half (1.5) times his regular hourly rate of pay for every hour worked in excess of forty (40) per week during his time working for Defendants as a manual laborer.

31. Furthermore, Cortes did not receive a payroll notice at the time of his hire, or at any time thereafter, containing his rates of pay and the designated payday, or any other information required by NYLL § 195(1).

32. Defendants further failed to furnish to Cortes, with each wage payment, a statement listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

**Plaintiff Cortes' Superintendent Work with Defendants**

33. In or around March 1, 2018, Feijoo hired Cortes to work as a superintendent in the buildings owned by DS Portfolio at 41 Henry Street, New York, New York 10002 ("41 Henry") and 149 Rivington Street, New York, New York 10002 ("149 Rivington"); the building owned by DS Ludlow at 138 Ludlow Street, New York, New York 10002 ("138 Ludlow"); and the building owed by BRR at 130 Orchard Street, New York, New York 10002 ("130 Orchard") (41 Henry, 149 Rivington, 138 Ludlow and 130 Orchard are collectively referred to as the "Buildings").

34. Cortes remained employed by Defendants as the superintendent of the Buildings until on or around October 7, 2019.

35. In or around March 2018, Defendants provided Cortes with an apartment located at 138 Ludlow.

36. In or around March 2019, Defendants provided Cortes with an apartment located at 41 Henry.

37. As a superintendent, Cortes' job duties included cleaning the Buildings' common areas, maintaining their grounds, taking out the garbage, making small repairs, and handling tenant maintenance requests.

38.     During his time working as a superintendent, Cortes was ostensibly scheduled to work Mondays through Saturdays from approximately 8:00 a.m. to 4:00 p.m., with a one (1) hour meal break each day, for a total of approximately forty-three (43) hours per week.

39.     However, on Tuesdays, Thursdays, and Fridays, Cortes was required to take out the garbage from the Buildings, which typically required him to work until approximately 7:00 p.m. on those days, bringing his total work hours to approximately fifty-two (52) hours per week.

40.     Cortes was also "on-call" for emergencies at all hours and was frequently required to respond to emergencies outside of his normal work hours and on weekends.

41.     Tenants of the Buildings would contact Cortes directly approximately three (3) times per week for emergency jobs or assistance that Cortes would perform outside of his regularly scheduled work hours.

42.     Cortes spent an average of two (2) to three (3) hours assisting on each emergency, for a total of approximately seven and one-half (7.5) hours per week outside of his regularly scheduled work hours, bringing his total work hours as a superintendent to approximately fifty-nine and one half (59.5) hours per week.

43.     Cortes tracked his time on handwritten time sheets and sent his weekly hours to Feijoo's assistant, Arely, via text message.

44.     During his time working as superintendent, Cortes was paid $1,275.00 per week, regardless of the number of hours he worked each week.

45.     Although Cortes was a non-exempt employee who regularly worked more than forty (40) hours per week, he was not paid one and one-half (1.5) times his regular hourly rate of pay for every hour he worked in excess of forty (40) per week.

46.     Defendants also failed to furnish to Cortes, with each wage payment, a statement listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

**Plaintiff Mera's Construction Work with the 138 Defendants**

47.     Plaintiff Mera was hired by Feijoo in or around December 2018 to work for Tier 1 and DS Ludlow as a manual laborer at three (3) apartments in 138 Ludlow, the building owned by DS Ludlow, and continued to work for the 138 Defendants until in or around March 2019.

48.     Throughout his employment with the 138 Defendants, Mera regularly worked Mondays through Saturdays from approximately 7:00 a.m. to 7:00 p.m., with a thirty (30) minute meal break each day, for a total of approximately sixty-nine (69) hours per week.

49.     As a manual laborer, Mera's duties included painting, plastering, demolition, sheetrock installation, floorboard installation, ceramic installation, bathroom appliance installation, and bricking up windows.

50.     Although Mera was a non-exempt employee who regularly worked more than forty (40) hours per week, Mera was not paid one and one-half (1.5) times his regular hourly rate of pay for each hour he worked in excess of forty (40) per week.

51.     When Feijoo hired Mera, Feijoo promised Mera that he would be paid $10,000.00 for his work on the first apartment, $14,000.00 for his work on the second apartment, and $10,000.00 for his work on the third apartment.

52.     By in or around February 2019, Mera had completed all of the agreed upon work at the first and second apartments.

53.     However, Mera was only paid $4,000.00 for his work on the first apartment and $5,000.00 for his work on the second apartment.

54.    When Mera confronted Feijoo about the rest of his compensation for the first and second apartments, Feijoo acknowledged that he had failed to pay Mera the agreed-upon compensation and alleged that he intentionally withheld the money from Mera because certain clients had not paid Tier 1 on time for services rendered.

55.    Feijoo assured Mera that once the clients paid Tier 1, the 138 Defendants would promptly pay Mera at least some of the compensation owed to Mera.

56.    Mera began working on the third apartment but decided to leave the job after three (3) days since the 138 Defendants had still not paid Mera the rest of the money owed to him for the work Mera performed on the first and second apartments.

57.    Mera did not receive any compensation for the work he performed on the third apartment.

58.    The 138 Defendants classified Mera as an independent contractor, although the circumstances of Mera's employment demonstrate that Mera was Defendants' employee pursuant to the FLSA and NYLL.

59.    Mera was hired and compensated by the 138 Defendants as an individual, rather than through a business entity belonging to Mera.

60.    Throughout Mera's employment, the 138 Defendants set Mera's schedule, including his start time, end time, and break time each day.

61.    Specifically, Rolando, a manager of Tier 1, required Mera to arrive at 138 Ludlow promptly at 7:00 a.m. and to continue working until 7:00 p.m. each work day, and only allowed Mera to take one thirty (30) minute break each day.

62.    Rolando also instructed Mera as to when, where, and how to perform his duties.

63. Although Mera supplied some of his own small, handheld tools, the 138 Defendants provided Mera with power tools, including tile cutters, saws, and power drills, which Mera used to perform his duties.

64. Mera did not receive a payroll notice at the time of his hire, or at any time thereafter, containing his rates of pay and the designated payday, or any other information required by NYLL § 195(1).

65. The 138 Defendants further failed to furnish to Mera, with each wage payment, a statement listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF CORTES AND AGAINST DEFENDANTS**
(Overtime Violations Under the FLSA)

66. Plaintiff Cortes repeats and realleges all prior allegations set forth above.

67. Pursuant to the applicable provisions of FLSA 29 U.S.C. § 207, Cortes was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

68. Throughout the relevant time period, Cortes regularly worked in excess of forty (40) hours per week for Defendants.

69. Throughout the relevant time period, Defendants knowingly failed to pay Cortes overtime wages of one and one-half (1.5) times his regular hourly rates of pay for each hour worked in excess of forty (40) in a workweek.

70. As a result of Defendants' violations of the law and failure to pay Cortes the required overtime wages, Cortes has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

71. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Cortes is entitled to additional damages equal to one hundred percent (100%) of the total amount of wages due ("liquidated damages").

72. Judgment should be entered in favor of Cortes and against Defendants on the First Cause of Action in the amount of Cortes' unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF MERA AND AGAINST THE 138 DEFENDANTS**
(Overtime Violations Under the NYLL)

73. Plaintiff Mera repeats and realleges all prior allegations set forth above.

74. Pursuant to the applicable provisions of FLSA 29 U.S.C. § 207, Mera was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

75. Throughout the relevant time period, Mera regularly worked in excess of forty (40) hours per week for the 138 Defendants.

76. Throughout the relevant time period, the 138 Defendants knowingly failed to pay Mera overtime wages of one and one-half (1.5) times his regular hourly rates of pay for each hour worked in excess of forty (40) in a workweek.

77.     As a result of the 138 Defendants' violations of the law and failure to pay Mera the required overtime wages, Mera has been damaged and is entitled to recover from the 138 Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

78.     As the 138 Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Mera is entitled to liquidated damages.

79.     Judgment should be entered in favor of Mera and against the 138 Defendants on the Second Cause of Action in the amount of Mera's unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF CORTES AND AGAINST DEFENDANTS**
(Overtime Violations Under the NYLL)

80.     Plaintiff Cortes repeats and realleges all prior allegations set forth above.

81.     Pursuant to the applicable provisions of NYLL §§ 190 *et seq.* and 650 *et seq.*, and 12 NYCRR § 142-2.2, Cortes was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

82.     Cortes regularly worked in excess of forty (40) hours per week during his employment with Defendants.

83.     Throughout the relevant time period, Defendants knowingly failed to pay Cortes overtime wages of one and one-half (1.5) times his regular hourly rates of pay for each hour worked in excess of forty (40) in a workweek.

84. As a result of Defendants' violations of the law and failure to pay Cortes the required overtime wages, Cortes has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

85. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Cortes is entitled to liquidated damages.

86. Judgment should be entered in favor of Cortes and against Defendants on the Third Cause of Action in the amount of Cortes' unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**ON BEHALF OF MERA AND AGAINST THE 138 DEFENDANTS**
(Overtime Violations Under the NYLL)

87. Plaintiff Mera repeats and realleges all prior allegations set forth above.

88. Pursuant to the applicable provisions of NYLL §§ 190 *et seq.* and 650 *et seq.*, and 12 NYCRR § 142-2.2, Mera was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

89. Mera regularly worked in excess of forty (40) hours per week during his employment with the 138 Defendants.

90. Throughout the relevant time period, the 138 Defendants knowingly failed to pay Mera overtime wages of one and one-half (1.5) times his regular hourly rates of pay for each hour worked in excess of forty (40) in a workweek.

91.     As a result of the 138 Defendants' violations of the law and failure to pay Mera the required overtime wages, Mera has been damaged and is entitled to recover from the 138 Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

92.     As the 138 Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Mera is entitled to liquidated damages.

93.     Judgment should be entered in favor of Mera and against the 138 Defendants on the Fourth Cause of Action in the amount of Mera's unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**ON BEHALF OF CORTES AND AGAINST DEFENDANTS**
(Failure to Provide Payroll Notice Under the NYLL)

94.     Plaintiff Cortes repeats and realleges all prior allegations.

95.     Throughout the relevant time period, Defendants failed to furnish to Cortes a notice containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and any other information required by NYLL § 195(1).

96.     As Defendants failed to provide Cortes with a payroll notice as required by NYLL § 195(1), Cortes is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

97.     Judgment should be entered in favor of Cortes and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**ON BEHALF OF MERA AND AGAINST THE 138 DEFENDANTS**
(Failure to Provide Payroll Notice Under the NYLL)

98.     Plaintiff Mera repeats and realleges all prior allegations.

99.     Throughout the relevant time period, the 138 Defendants failed to furnish to Mera a notice containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and any other information required by NYLL § 195(1).

100.    As the 138 Defendants failed to provide Mera with a payroll notice as required by NYLL § 195(1), Mera is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

101.    Judgment should be entered in favor of Mera and against the 138 Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**ON BEHALF OF CORTES AND AGAINST DEFENDANTS**
(Failure to Provide Wage Statements Under the NYLL)

102.    Plaintiff Cortes repeats and realleges all prior allegations.

103.    Throughout the relevant time period, Defendants failed to furnish to Cortes, with each wage payment, a statement listing: the rate or rates of pay and basis thereof; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

104.    As Defendants failed to provide Cortes with wage statements as required by NYLL § 195(3), Cortes is entitled to liquidated damages in the amount of $250.00 per day in which the

violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

105. Judgment should be entered in favor of Cortes and against Defendants on the Seventh Cause of Action in the amount $5,000.00, along with all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**ON BEHALF OF MERA AND AGAINST THE 138 DEFENDANTS**
(Failure to Provide Wage Statements Under the NYLL)

106. Plaintiff Mera repeats and realleges all prior allegations.

107. Throughout the relevant time period, the 138 Defendants failed to furnish to Mera, with each wage payment, a statement listing: the rate or rates of pay and basis thereof; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

108. As the 138 Defendants failed to provide Mera with wage statements as required by NYLL § 195(3), Mera is entitled to liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

109. Judgment should be entered in favor of Mera and against the 138 Defendants on the Eighth Cause of Action in the amount $5,000.00, along with all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A NINTH CAUSE OF ACTION  ON BEHALF OF**
**PLAINTIFF MERA AND AGAINST 138 DEFENDANTS**
(Freelance Isn't Free Act)

110. Plaintiff Mera repeats and realleges all prior allegations set forth above.

111.    The 138 Defendants classified Mera as an independent contractor for the work Mera performed in the three (3) apartments at 138 Ludlow.

112.    Mera maintains that the 138 Defendants misclassified Mera as an independent contractor and that, based on the terms and conditions of his position with 138 Defendants, Mera was a covered employee under the FLSA and NYLL.

113.    However, if this Court determines that Mera was not the 138 Defendants' employee pursuant to the FLSA and NYLL, then Mera meets the definition of a freelancer as that term is defined by the FIFA.

114.    The 138 Defendants retained Mera to render services, and are jointly a hiring party as that term is defined by the FIFA.

115.    Pursuant to § 20-929 of the FIFA, the 138 Defendants were required to pay the amounts owed to Mera on or before the date the payments became due under the terms of their agreement with Mera.

116.    The 138 Defendants promised to pay Mera $10,000.00 for his work on the first apartment, $14,000.00 for his work on the second apartment, and $10,000.00 for his work on the third apartment.

117.    The 138 Defendants failed to pay Mera all monies due for services rendered by Mera based on the terms of their agreement with Mera.

118.    Specifically, the 138 Defendants only paid Mera $4,000.00 for his work on the first apartment and $5,000.00 for his work on the second apartment, although the 138 Defendants promised to pay Mera $10,000.00 and $14,000.00 for his services related to the first and second apartments, respectively.

119.    The 138 Defendants failed to pay Mera any compensation for the three (3) days he worked on the third apartment.

120.    Mera estimates that he would have spent a total of fifteen (15) days completing the work on the third apartment, and therefore is owed one-fifth (1/5) of the $10,000.00 that the 138 Defendants promised to pay Mera for his work on the third apartment.

121.    Thus, Mera is owed $6,000.00 for his completed work on the first apartment; $9,000.00 for his completed work on the second apartment; and $2,000.00 for his work on the third apartment, for a total of $17,000.00.

122.    Pursuant to § 20-933 of the FIFA, Mera is entitled to recover from the 138 Defendants double damages, reasonable attorneys' fees, costs, and such other remedies as may be appropriate.

123.    Should the Court determine that Mera was not an employee of the 138 Defendants, judgment should be entered in favor of Mera and against the 138 Defendants on the Ninth Cause of Action in an amount no less than $17,000.00, plus double damages, attorneys' fees, interest, costs, disbursements, and such other and further relief as the Court deems just and proper.

**WHEREFORE** Plaintiffs pray for relief as follows:

 a)  on the First Cause of Action against Defendants for all overtime wages due to Cortes, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

 b)  on the Second Cause of Action against the 138 Defendants for all overtime wages due to Mera, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action against Defendants for all overtime wages due to Cortes, liquidated damages, and reasonable attorneys' fees in an amount to be determined by the Court;

d) on the Fourth Cause of Action against the 138 Defendants for all overtime wages due to Mera, liquidated damages, and reasonable attorneys' fees in an amount to be determined by the Court;

e) On the Fifth Cause of Action against Defendants for liquidated damages due to Cortes in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by the Court;

f) On the Sixth Cause of Action against the 138 Defendants for liquidated damages due to Mera in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by the Court;

g) On the Seventh Cause of Action against Defendants for liquidated damages due to Cortes in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by the Court;

h) On the Eighth Cause of Action against the 138 Defendants for liquidated damages due to Mera in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by the Court;

i)      On the Ninth Cause of Action against the 138 Defendants on behalf of Mera in an amount no less than $17,000.00, plus double damages and reasonable attorneys' fees in an amount to be determined by the Court;

j)      Interest;

k)      Costs and disbursements; and

l)      Such other and further relief as is just and proper.

Dated: New York, New York
          November 16, 2020

*/s/ Nicola Ciliotta*
Nicola Ciliotta
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: 212.460.0047
nciliotta@katzmelinger.com
*Attorneys for Plaintiffs*