## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into by and between: (i) Joaquin Cortes ("Cortes") and Raul Mera ("Mera"); (ii) DS Brooklyn Portfolio Owner LLC, DS 138 Ludlow LLC, DS 130 Orchard LLC, Delshah Management, LLC, and Delshah Capital, LLC (collectively "Delshah"); and (iii) Tier 1 Group LLC ("Tier 1") and Luis Feijoo ("Feijoo") (individually referred to as a "Party" and collectively as the "Parties") to settle all Fair Labor Standards Act ("FLSA"), New York Labor Law, and Freelance Isn't Free Act claims Cortes and/or Mera have or may have against Delshah, Tier 1, and Feijoo and/or any of their affiliates, benefit plans, and/or respective predecessors, successors and assigns, as well as respective past or present officers, directors, trustees, agents, representatives, or employees, and their respective successors and assigns, heirs, executors, and personal or legal representatives, with the exception of the retaliation claims.

**WHEREAS** Cortes and Mera allege that they were employees and/or independent contractors of Tier 1, Feijoo, and/or Delshah;

**WHEREAS** Cortes and Mera filed a lawsuit against Delshah, Tier 1, and Feijoo that is currently pending in the U.S. District Court for the Southern District of New York captioned *Joaquin Cortes and Raul Mera v. DS Brooklyn Portfolio Owner LLC, DS 138 Ludlow LLC, DS 130 Orchard LLC, Tier 1 Group, LLC, Delshah Management, LLC, Delshah Capital LLC, and Luis Feijoo*, Civil Case No. 1:20-cv-9619-VSB (hereinafter the "Action"); and

**WHEREAS**, the Parties mutually desire to resolve the all claims which they may have against each other arising out of the Action.

**NOW THEREFORE**, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1. **Settlement Payments**

    (a) In consideration of the execution of this Agreement by Cortes and Mera, Cortes' and Mera's agreement to be legally bound by its terms, and Cortes' and Mera's compliance with the terms set forth herein, Delshah agrees to pay Cortes and Mera the total gross amount of Sixty Thousand Dollars ($60,000) (the "Delshah Settlement Payment"), payable as follows:

    i.  The Delshah Settlement payment shall be paid within thirty (30) days of the Court's approval of this Agreement or by August 15, 2022, whichever is later, and shall be allocated as follows:

        1. To Joaquin Cortes:

            a. A check in the amount of Ten Thousand Six Hundred Fourteen Dollars and Seventy-Four Cents

        ($10,614.74), less any and all legally required withholdings and deductions in accordance with Cortes' W-4. The Parties agree that this amount reflects Cortes' economic damages. Delshah or its designee shall issue an IRS Form W-2 to Cortes to reflect this payment.

    b. A check in the amount of Twenty Thousand Six Hundred Fourteen Dollars and Seventy-Four Cents ($20,614.74), from which no withholdings or deductions shall be taken. The Parties represent and agree that this amount reflects Cortes' liquidated damages. Delshah or its designee shall issue a Form 1099 to Cortes for this payment.

2. A check made payable to Raul Mera in the amount of Seven Thousand Eight Hundred Seven Dollars and Thirty-Seven Cents ($7,807.37), from which no withholdings or deductions shall be taken. The Parties represent and agree that this amount reflects Mera's liquidated damages. Delshah or its designee shall issue a Form 1099 to Mera for this payment.

3. A check made payable to Katz Melinger PLLC in the amount of Twenty Thousand Nine Hundred Sixty-Three Dollars and Fifteen Cents ($20,963.15). The Parties represent and agree that the foregoing payment shall be for the release and settlement of Cortes' and Mera's claims for attorneys' fees and costs as to Delshah. Delshah or its designee shall issue a Form 1099 to Cortes, Mera, and Katz Melinger PLLC for this payment.

(b) In consideration of the execution of this Agreement by Cortes and Mera, Cortes' and Mera's agreement to be legally bound by its terms, and Cortes' and Mera's compliance with the terms set forth herein, Tier 1 and Feijoo agree to pay the total gross amount of Thirty Thousand Dollars ($30,000) ("Tier 1 Settlement Payment"), payable as follows:

i. Fifteen Thousand Dollars ($15,000) of the Tier 1 Settlement payment shall be paid within thirty (30) days of the Court's approval of this Agreement or by August 15, 2022, whichever is later, and shall be allocated as follows:

    1. To Joaquin Cortes:

        a. A check in the amount of Two Thousand Eight Hundred Seven Dollars and Thirty-Seven Cents

($2,807.37), less any and all legally required withholdings and deductions in accordance with Cortes' W-4. The Parties agree that this amount reflects Cortes' economic damages. Delshah or its designee shall issue an IRS Form W-2 to Cortes to reflect this payment.

    b. A check in the amount of Four Thousand Eight Hundred Seven Dollars and Thirty-Seven Cents ($4,807.37), from which no withholdings or deductions shall be taken. The Parties represent and agree that this amount reflects Cortes' liquidated damages. Delshah or its designee shall issue a Form 1099 to Cortes for this payment.

2. A check made payable to Raul Mera in the amount of One Thousand Nine Hundred Three Dollars and Sixty-Nine Cents ($1,903.69), from which no withholdings or deductions shall be taken. The Parties represent and agree that this amount reflects Mera's liquidated damages. Delshah or its designee shall issue a Form 1099 to Mera for this payment.

3. A check made payable to Katz Melinger PLLC in the amount of Five Thousand Four Hundred Eighty-One Dollars and Fifty-Seven Cents ($5,481.57). The Parties represent and agree that the foregoing payment shall be for the release and settlement of Cortes' and Mera's claims for attorneys' fees and costs as to Tier 1/Feijoo. Tier 1/Feijoo or its designee shall issue a Form 1099 to Cortes, Mera, and Katz Melinger for this payment.

ii. The remaining Fifteen Thousand Dollars ($15,000) of the Tier 1 Settlement Payment shall be paid in five (5) equal monthly installments of Three Thousand Dollars ($3,000), the first of which shall be due one month after the payment in Paragraph 1(b)(i) becomes due and payable and the remainder of which shall be due and payable one month following the previous payment, and each of which shall be allocated as follows:

1. A check in the amount of One Thousand Six Hundred Dollars ($1,600.00), from which no withholdings or deductions shall be taken. The Parties represent and agree that this amount reflects Cortes' liquidated damages. Delshah or its designee shall issue a Form 1099 to Cortes for this payment.

3

    2. A check made payable to Raul Mera in the amount of Four Hundred Dollars ($400.00), from which no withholdings or deductions shall be taken. The Parties represent and agree that this amount reflects Mera's liquidated damages. Delshah or its designee shall issue a Form 1099 to Mera for this payment.

    3. A check made payable to Katz Melinger PLLC in the amount of One Thousand Dollars ($1,000.00). The Parties represent and agree that the foregoing payment shall be for the release and settlement of Cortes' and Mera's claims for attorneys' fees and costs as to Tier 1/Feijoo. Tier 1/Feijoo or its designee shall issue a Form 1099 to Cortes, Mera, and Katz Melinger for this payment.

  (c) Cortes agrees that Cortes is responsible for the payment of any applicable local, state, and federal taxes upon payments made pursuant to Paragraph 1(a)(i)(1) and further agrees to indemnify and hold Delshah harmless from any and all claims arising out of said payments. Cortes agrees that Cortes is responsible for the payment of any applicable local, state, and federal taxes upon payment made pursuant to Paragraph 1(b) and further agrees to indemnify and hold Tier 1 and Feijoo harmless from any and all claims arising out of said payments. Notwithstanding the foregoing, the Parties acknowledge and agree that Cortes shall bear no responsibility for any failure by Delshah, Tier 1, and/or Feijoo to make any employer contributions to payroll taxes related to their respective portions of the Delshah Settlement Payment and the Tier 1 Settlement Payment.

  (d) Mera agrees that Mera is responsible for the payment of any applicable local, state, and federal taxes upon payments made pursuant to Paragraph 1(a)(i)(2) and further agrees to indemnify and hold Delshah harmless from any and all claims arising out of said payments. Mera agrees that Mera is responsible for the payment of any applicable local, state, and federal taxes upon payment made pursuant to Paragraph 1(b) and further agrees to indemnify and hold Tier 1 and Feijoo harmless from any and all claims arising out of said payments. Notwithstanding the foregoing, the Parties acknowledge and agree that Mera shall bear no responsibility for any failure by Delshah, Tier 1, and/or Feijoo to make any employer contributions to payroll taxes related to their respective portions of the Delshah Settlement Payment and the Tier 1 Settlement Payment.

  (e) The consideration individually given by Cortes and Mera to Delshah, Tier 1, and Feijoo in support of this Agreement consists of full performance of each and every one of Cortes' and Mera's respective obligations described in this document, all of which are expressly made material.

  (d) This Agreement is contingent upon Court approval. Cortes and Mera shall deliver to counsel for Delshah (attn: Sarah Wieselthier, Fisher & Phillips LLP) and counsel for Tier 1 and Feijoo (attn: Patrick Boyd, The Boyd Law Group, LLC) the Agreement executed by Cortes and Mera, which the Parties will submit to the Court along with an application requesting approval of this Agreement. Cortes and Mera shall also deliver to counsel for Delshah and counsel for Tier 1 and Feijoo IRS Form W-9 signed by Cortes, IRS Form W-9 signed by Mera, and an IRS form W-9 for counsel, Katz Melinger PLLC. No payments under this Agreement shall be due and payable

4

until Cortes and Mera deliver the above-mentioned tax documents to counsel for Delshah and counsel for Tier 1 and Feijoo.

(e)     Each of the settlement payments set forth in Paragraph 1 of this Agreement shall be delivered to Cortes' and Mera's counsel, Katz Melinger PLLC, Attn: Adam Sackowitz, 370 Lexington Avenue, Suite 1512, New York, NY 10017.

(f)     In the event that Delshah fails to timely deliver the Delshah Settlement Payment to counsel for Cortes and Mera pursuant to Paragraph 1(a) of this Agreement ("Delshah Default"), then Plaintiff's counsel shall send written notice of the Delshah Default ("Notice of Delshah Default") to counsel for Delshah, Fisher & Phillips LLP, via email to Sarah Wieselthier at swieselthier@fisherphillips.com. Upon receipt of the Notice of Delshah Default by counsel for Delshah, Delshah shall have fifteen (15) calendar days to cure the Delshah Default. Should Delshah fail to timely cure the Delshah Default, then Cortes and Mera shall be entitled to immediately, and without further notice, file suit against Delshah for breach of this Agreement and shall be entitled to recover from Delshah all unpaid portions of the Delshah Settlement Payment, plus interest at the statutory rate from the date of the breach, and shall also be entitled to recover from Delshah all costs and expenses, including reasonable attorneys' fees, incurred as part of Cortes' and Mera's efforts to enforce the terms of this Agreement, including all reasonable attorneys' fees incurred in enforcing any judgment arising out of same.

(g)     Concurrently with the execution of this Agreement, Tier 1 shall execute and deliver to counsel for Cortes and Mera an affidavit of judgment by confession ("Confession of Judgment") in the form annexed hereto as **Exhibit A**. Upon receipt, Cortes' and Mera's counsel shall hold the Confession of Judgment in escrow and will not file the Confession of Judgment unless Tier 1 and Feijoo fail to timely deliver any portion of the Tier 1 Settlement Payment to Cortes' and Mera's counsel as set forth in Paragraph 1(b), or if any check(s) comprising the Tier 1 Settlement Payment are returned for insufficient funds.

In the event that Tier 1 and Feijoo fail to timely deliver any portion of the Tier 1 Settlement Payment to counsel for Cortes and Mera pursuant to Paragraph 1(b) of this Agreement ("Tier 1 Default"), then Plaintiff's counsel shall send written notice of the Tier 1 Default ("Notice of Tier 1 Default") to counsel for Tier 1, The Boyd Law Group PLLC, via email to Patrick Boyd at pboyd@theboydlawgroup.com. Upon receipt of the Notice of Tier 1 Default by counsel for Tier 1 and Feijoo, Tier 1 and Feijoo shall have ten (10) calendar days to cure the Tier 1 Default. Should Tier 1 and/or Feijoo fail to timely cure the Tier 1 Default, then Cortes and Mera shall be entitled to immediately file the Confession of Judgment without further notice and shall also be entitled to bring suit against Feijoo for breach of this Agreement and shall be entitled to recover from Feijoo liquidated damages in the amount of Forty-Five Thousand Dollars ($45,000.00), less any payments made by Tier 1 and/or Feijoo under this Agreement, plus interest at the statutory rate from the date of the breach, and shall also be entitled to recover from Feijoo all costs and expenses, including reasonable attorneys' fees, incurred by Cortes and Mera from the date of Tier 1's and Feijoo's breach of this Agreement.

The Confession of Judgment shall be in the amount of Forty-Five Thousand Dollars ($45,000.00). Should Cortes and Mera file the Confession of Judgment, then: (i) Cortes and Mera, through their counsel, shall promptly file a Partial Satisfaction of Judgment crediting Tier 1 and Feijoo with any payments made under Paragraph 1(b) of this Agreement; and (ii) Cortes and Mera shall be entitled to recover from Tier 1, in addition to the amounts confessed in the Confession of Judgment, all costs and expenses, including reasonable attorneys' fees, incurred by Cortes and Mera from the date of Tier 1's and Feijoo's breach of this Agreement, including any costs and expenses, including reasonable attorneys' fees, incurred in entering and enforcing any judgment against Tier 1, and shall also be entitled to enter any additional judgments against Tier 1 for said costs and reasonable attorneys' fees.

Any payments made to Cortes and Mera by either Tier 1 or Feijoo after the Confession of Judgment and/or a breach of contract suit is filed shall be credited to both Tier 1 and Feijoo.

Should the Clerk fail or refuse to enter judgment against Tier 1 based on the Confession of Judgment, then Tier 1 agrees that Cortes and Mera shall be entitled to file suit against Tier 1 for breach of this Agreement and recover from Tier 1 in connection with said suit liquidated damages in the amount of Forty-Five Thousand Dollars ($45,000.00), less any payments made by Tier 1 and/or Feijoo under this Agreement, plus interest at the statutory rate from the date of the breach, and shall also be entitled to recover from Tier 1 and Feijoo all costs and expenses, including reasonable attorneys' fees, incurred by Cortes and Mera from the date of Tier 1's and Feijoo's breach of this Agreement.

(g)     Any breach of this Paragraph shall be deemed a material breach, including the failure to timely deliver any payment due hereunder. The Parties agree that, in an action arising from any alleged breach of the Agreement by any Party, the prevailing party will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), including any reasonable fees incurred in making said motion and/or in enforcing any judgment arising out of same.

## 2. **Acknowledgement of Receipt of all Monies Owed.**

Cortes acknowledges that he has been paid all salary, wages, paid time off (PTO), overtime payments, reimbursements, bonuses, commissions liquidated damages, attorneys' fees, costs, and employee benefits to which he was and/or is entitled as a result of his employment with Tier 1 and specifically waives, releases and discharges any right or entitlement he may have to any further compensation or other payments from Tier 1/Feijoo or Delshah, except as set forth in this Agreement. Cortes specifically represents, acknowledges, and agrees that he is not owed any other wages, compensation, overtime pay, salary, expenses, reimbursements, commissions, bonuses, benefits or sick or severance pay and/or any other PTO from Tier 1/Feijoo or Delshah, except as set forth in this Agreement.

Mera acknowledges that he has been paid all salary, wages, paid time off (PTO), overtime payments, reimbursements, bonuses, commissions liquidated damages, attorneys' fees, costs, and employee benefits to which he was and/or is entitled as a result of his relationship with Tier 1 and specifically waives, releases and discharges any right or entitlement he may have to any further compensation or other payments from Tier 1/Feijoo or Delshah, except as set forth in this

Agreement. Mera specifically represents, acknowledges, and agrees that he is not owed any other wages, compensation, overtime pay, salary, expenses, reimbursements, commissions, bonuses, benefits or sick or severance pay and/or any other PTO from Tier 1/Feijoo or Delshah, except as set forth in this Agreement.

### 3. Release - Cortes

In consideration of the mutual promises, covenants, and other consideration set forth in this Agreement, Cortes agrees to and promises the following:

(a) Except for the obligations created by the Agreement, Cortes hereby fully releases and discharges Delshah, Tier 1, and Feijoo as well as their past and present parent companies, subsidiaries, affiliates and related companies, as well as each of their officers, shareholders, members, owners, principals, directors, insurers, reinsurers, supervisors, agents, representatives, employees, professional employer organizations, administrators, attorneys, predecessors, successors and assigns, jointly and individually, and all persons acting by, through, under or in concert with any of them (collectively referred to as "Releasees") from any and all wage and hour related claims, complaints, actions, disputes, grievances, suits, fees, costs, damages, reimbursements, charges, contracts, agreements and/or liabilities, whether known, unknown, unforeseen, and/or unanticipated, which Cortes ever had up to the date of execution of this Agreement (collectively referred to as "Released Claims"), including claims arising under the Fair Labor Standards Act (the "FLSA"), the New York Labor Law, and any other federal, state or local laws or regulations as well as any other claims under any other tort, contractual, common law or statutory theory that Cortes may have had or now has arising out of his employment up to the date of this Agreement. This Agreement applies to all claims through the date of its execution and not to claims arising thereafter. The release of claims in this Paragraph does not apply to claims that cannot be waived as a matter of law.

(b) Cortes waives any right to recover in any proceeding based in whole or in part on claims released by Cortes in this Agreement and assigned any such recovery to Delshah and/or Tier 1/Feijoo as applicable. This includes Cortes waiving any right to recover from any proceeding before or brought by any federal, state, or local agency.

(c) Cortes confirms that Cortes has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, reimbursements and/or benefits to which Cortes is/was entitled, except as provided by this Agreement. Cortes understands and acknowledges that Cortes is not entitled to any severance benefits pursuant to any severance policy or plan. This Agreement does not, however, supersede any retirement income benefit to which Cortes is eligible.

(d) Cortes agrees that all obligations of Delshah, Tier 1, and Feijoo and the other Released Parties under any and all plans, agreements, policies, and/or practices have been satisfied or exceeded by the payments described in Paragraph 1 above.

4. **<u>Release - Mera</u>**

In consideration of the mutual promises, covenants, and other consideration set forth in this Agreement, Mera agrees to and promises the following:

(a) Except for the obligations created by the Agreement, Mera hereby fully releases and discharges Delshah, Tier 1, and Feijoo as well as their past and present parent companies, subsidiaries, affiliates and related companies, as well as each of their officers, shareholders, members, owners, principals, directors, insurers, reinsurers, supervisors, agents, representatives, employees, professional employer organizations, administrators, attorneys, predecessors, successors and assigns, jointly and individually, and all persons acting by, through, under or in concert with any of them (collectively referred to as "Releasees") from any and all wage and hour related claims, complaints, actions, disputes, grievances, suits, fees, costs, damages, reimbursements, charges, contracts, agreements and/or liabilities, whether known, unknown, unforeseen, and/or unanticipated, which Mera ever had up to the date of execution of this Agreement (collectively referred to as "Released Claims"), including claims arising under the Fair Labor Standards Act (the "FLSA"), the New York Labor Law, the New York City Freelance Isn't Free Act, and any other federal, state or local laws or regulations as well as any other claims under any other tort, contractual, common law or statutory theory that Mera may have had or now has arising out of his employment up to the date of this Agreement. This Agreement applies to all claims through the date of its execution and not to claims arising thereafter. The release of claims in this Paragraph does not apply to claims that cannot be waived as a matter of law.

(b) Mera waives any right to recover in any proceeding based in whole or in part on claims released by Mera in this Agreement and assigned any such recovery to Delshah and/or Tier 1/Feijoo as applicable. This includes Mera waiving any right to recover from any proceeding before or brought by any federal, state, or local agency.

(c) Mera confirms that Mera has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, reimbursements and/or benefits to which Mera is/was entitled, except as provided by this Agreement. Mera understands and acknowledges that Cortes is not entitled to any severance benefits pursuant to any severance policy or plan. This Agreement does not, however, supersede any retirement income benefit to which Mera is eligible.

(d) Mera agrees that all obligations of Delshah, Tier 1, and Feijoo and the other Released Parties under any and all plans, agreements, policies, and/or practices have been satisfied or exceeded by the payments described in Paragraph 1 above.

5. **<u>Representations and Warranties</u>**

The Parties each represent, warrant to, and agree with the others as follows:

i. The terms of this Agreement are contractual and are the result of negotiations between the Parties;

8

ii. This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors to the extent they deem appropriate and the contents hereof are known to and understood by each of the Parties. It is signed freely on an informed basis and with due authority by each Party executing this Agreement, and is binding and enforceable in accordance with its terms;

iii. No representation regarding tax implications of this Agreement or the manner in which this Agreement may be treated by the IRS is made by any Party nor should any such representation be implied by any language within this Agreement.

   a. The Parties agree that the payments in Paragraph 1(a)(i)(1), Paragraph 1(b)(i)(1), and Paragraph 1(b)(ii)(1) of this Agreement is to settle all claims which were, or could have been, asserted by Cortes and Cortes agrees to be solely responsible for, and legally bound to make, payment of the taxes, excluding any taxes withheld by Delshah pursuant to Paragraphs 1(a)(i)(1) and by Tier 1/Feijoo pursuant to Paragraph 1(b)(i)(1) and Paragraph 1(b)(ii)(1), if any, which are determined to be owed by Cortes (including penalties and interest related thereto) by any taxing authority. Cortes agrees and understands that neither Delshah, Tier 1, Feijoo, nor their attorneys have made any representations regarding the tax treatment of the sums paid pursuant to this Agreement, and Cortes agrees that Cortes is responsible for determining the tax consequences of such payments and for paying taxes, if any, that may be owed by Cortes with respect to such payments, excluding any taxes withheld by Delshah or Tier 1/Feijoo. In the event a claim for such taxes and/or penalties and interest is asserted by any taxing authority, Cortes agrees to, and does hereby indemnify and hold Delshah, Tier 1, Feijoo harmless against, any and all liability (including interest and/or penalties);

   b. The Parties agree that the payments in Paragraph 1(a)(i)(2) and Paragraph 1(b)(i)(2) and Paragraph 1(b)(ii)(2) of this Agreement is to settle all claims which were, or could have been, asserted by Mera and Mera agrees to be solely responsible for, and legally bound to make, payment of the taxes, excluding any taxes withheld by Delshah pursuant to Paragraphs 1(a)(i)(2) and by Tier 1/Feijoo pursuant to Paragraph 1(b)(i)(ii) and Paragraph 1(b)(ii)(2), if any, which are determined to be owed by Mera (including penalties and interest related thereto) by any taxing authority. Mera agrees and understands that neither Delshah, Tier 1, Feijoo nor its attorneys have made any representations regarding the tax treatment of the sums paid pursuant to this Agreement, and Mera agrees that Mera is responsible for determining the tax consequences of such payments and for paying taxes, if any, that may be owed by Mera with respect to such payments, excluding any taxes withheld by Delshah or Tier 1/Feijoo. In the event a claim for such taxes and/or penalties and interest is asserted by any taxing authority, Mera agrees to, and does hereby indemnify and hold Delshah, Tier 1, Feijoo harmless against, any and all liability (including interest and/or penalties);

    iv.    Cortes and Mera acknowledge that Katz Melinger PLLC are the only attorneys to whom attorneys' fees, costs, and expenses have been incurred in connection with any claim by Cortes and Mera against Delshah, Tier 1, and Feijoo, and that Cortes and Mera are solely responsible for the payment of any fees, costs, or expenses, except as otherwise set forth in this Agreement or based upon any rights arising here from;

    v.    Cortes and Mera each represent and acknowledge that in executing this Agreement, he does not rely and has not relied upon any representation or statement made by any of the Releasees regarding the subject matter, basis or effect of this Agreement, other than as specifically stated in this Agreement; and

    vi.    Cortes and Mera each represent, acknowledge, and agree that he has carefully analyzed and evaluated their respective claims for unpaid overtime, have discussed their respective claims with their attorney and that that the payments set forth in Paragraph 1 fully compensates him for all overtime and other compensation that he claims he is owed. This is a true, accurate and complete statement upon which he understands Delshah, Tier 1, and Feijoo will rely upon in reaching this Agreement.

**6. <u>Non-Admission</u>**

Settlement of the Released Claims and all acts performed or documents executed in furtherance of this Agreement or the settlement embodied herein: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Delshah, Tier 1, or Feijoo, or of the truth of any of the factual allegations in any and all Released Claims; (b) are not, and shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Delshah, Tier 1, or Feijoo in any civil, criminal, administrative or arbitral proceeding; and (c) are not, and shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for collective action treatment other than for purposes of administering this Agreement. The Parties understand and agree that this Agreement and any exhibit hereto are settlement documents and agree that they may not be used in any proceeding for any reason, except for enforcing the terms of this Agreement and/or by written consent by the opposing party. The Parties are entering into this Agreement solely because they are desirous of avoiding further expense and inconvenience, and putting to rest any controversies between Cortes and Mera and Delshah, Tier 1, and Feijoo.

**7. <u>Mutual Non-Disparagement</u>**

Cortes and Mera will not make or solicit any comments, statements, or the like that may be considered to be derogatory or detrimental to the good name or reputation of the Released Parties, including but not limited to comments about any of Delshah, Tier 1, or Feijoo's services, business practices, or employment practices, nor will Cortes or Mera make or solicit any comments, statements, or the like to the media or to others that may be considered to be derogatory or detrimental to the good name or reputation of any of the Released Parties. Likewise, Delshah and Tier 1 agree that they will each direct their owners, members, and officers, including without limitation Feijoo, not to make or solicit any comments, statements, or the like that may be

considered to be derogatory or detrimental to the good name or reputation of Cortes or Mera, including making or soliciting any comments, statements, or the like to the media or to others that may be considered to be derogatory or detrimental to the good name or reputation of Cortes or Mera.

Nothing in this paragraph shall prohibit the Parties from making truthful statements about their experiences in litigating this case. Additionally, nothing in this paragraph shall prohibit any Party from discussing the Action and any defenses raised therein with a Party's insurers and potential insurers.

**8. Predecessors, Successors, and Assigns**

This Agreement is binding on and is made for the benefit of the Parties and all who succeed to their rights and responsibilities, such as any predecessors, successors, affiliates, assigns, heirs, and/or beneficiaries.

**9. Severability**

The Parties agree that if any court declares any portion of this Agreement unenforceable, except the Releases in Paragraphs 3 and 4, the remaining portions shall be fully enforceable. Furthermore, in lieu of any such severed and unenforceable provision, there shall be added automatically as part of this Agreement a provision as similar to the severed provision as may be possible and be legal, binding, and enforceable.

**10. Counterparts and Applicable Law**

This Agreement may be executed in counterparts and shall be construed and interpreted in accordance with the laws of the State of New York. The Parties agree that any action to enforce or interpret this Agreement shall only be brought in a court of competent jurisdiction of the State of New York.

**BY SIGNING THIS AGREEMENT, CORTES AND MERA STATE THAT:**

a. Cortes and Mera have each read the terms of this Settlement Agreement and Release and Cortes and Mera each understand its terms and effects, including the fact that Cortes and Mera are each agreeing to a release of all of the Releasees, covering, among other things, the Released Claims as set forth above;

b. Cortes and Mera have each signed this Settlement Agreement and Release voluntarily and knowingly in exchange for the consideration described herein, which Cortes and Mera each acknowledge is adequate and satisfactory to Cortes and Mera and which Cortes and Mera acknowledge is in addition to any other benefit to which Cortes and Mera might otherwise be entitled;

c. Cortes and Mera are each advised to consult, and have in fact consulted, with Cortes' and Mera's attorney(s) prior to signing this Settlement Agreement and Release;

d. Cortes and Mera are not waiving rights or claims that may arise after the date Cortes and Mera each execute this Settlement Agreement and Release;

e. Cortes and Mera each acknowledge that, but for this Settlement Agreement and Release, Cortes and Mera would not be entitled to the monies set forth herein.

THEREFORE, the Parties to this Settlement Agreement and Release now voluntarily, freely, and knowingly execute this agreement.

DocuSigned by:
_____
C7CFCD15331B40A...
**JOAQUIN CORTES**

Dated: __6/23/2022_____, 2022

_____
**RAUL MERA**

Dated: _____, 2022

_____
**ON BEHALF OF DS BROOKLYN PORTFOLIO OWNER LLC**
Name:
Title:

Dated: _____, 2022

_____
**ON BEHALF OF DS 138 LUDLOW LLC**
Name:
Title:

Dated: _____, 2022

**[SIGNATURES CONTINUE ON THE FOLLOWING PAGE]**

12

d.  Cortes and Mera are not waiving rights or claims that may arise after the date Cortes and Mera each execute this Settlement Agreement and Release;

e.  Cortes and Mera each acknowledge that, but for this Settlement Agreement and Release, Cortes and Mera would not be entitled to the monies set forth herein.

THEREFORE, the Parties to this Settlement Agreement and Release now voluntarily, freely, and knowingly execute this agreement.

_____
**JOAQUIN CORTES**

Dated: _____, 2022

*[signature]*
_____
**RAUL MERA**

Dated: \_\_\_\_\_June 23_____, 2022

_____
**ON BEHALF OF DS BROOKLYN PORTFOLIO OWNER LLC**
Name:
Title:

Dated: _____, 2022

_____
**ON BEHALF OF DS 138 LUDLOW LLC**
Name:
Title:

Dated: _____, 2022

**[SIGNATURES CONTINUE ON THE FOLLOWING PAGE]**

d.  Cortes and Mera are not waiving rights or claims that may arise after the date Cortes and Mera each execute this Settlement Agreement and Release;

e.  Cortes and Mera each acknowledge that, but for this Settlement Agreement and Release, Cortes and Mera would not be entitled to the monies set forth herein.

THEREFORE, the Parties to this Settlement Agreement and Release now voluntarily, freely, and knowingly execute this agreement.

_____
**JOAQUIN CORTES**

Dated: _____, 2022

_____
**RAUL MERA**

Dated: _____, 2022

*[signature: Michael Shah]*
_____
**ON BEHALF OF DS BROOKLYN PORTFOLIO OWNER LLC**
Name: Michael Shah
Title: Authorized Signatory

Dated: __6/21__, 2022

*[signature: Michael Shah]*
_____
**ON BEHALF OF DS 138 LUDLOW LLC**
Name: Michael Shah
Title: Authorized Signatory

Dated: __6/21__, 2022

**[SIGNATURES CONTINUE ON THE FOLLOWING PAGE]**

_____
**ON BEHALF OF DS 130 ORCHARD LLC**
Name: Michael Shah
Title: Authorized Signatory

Dated: 6/21, 2022

_____
**ON BEHALF OF DELSHAH MANAGEMENT, LLC**
Name: Michael Shah
Title: Authorized Signatory

Dated: 6/21, 2022

_____
**ON BEHALF OF DELSHAH CAPITAL LLC**
Name: Michael Shah
Title: Authorized Signatory

Dated: 6/21, 2022


_____
**ON BEHALF OF TIER 1 GROUP LLC**
Name:
Title:


Dated: _____, 2022



_____
**LUIS FEIJOO**


Dated: _____, 2022

13

_____
**ON BEHALF OF DS 130 ORCHARD LLC**
Name:
Title:

Dated: _____, 2022

_____
**ON BEHALF OF DELSHAH MANAGEMENT, LLC**
Name:
Title:

Dated: _____, 2022

_____
**ON BEHALF OF DELSHAH CAPITAL LLC**
Name:
Title:

Dated: _____, 2022

_____/s/_____
**ON BEHALF OF TIER 1 GROUP LLC**
Name: LUIS FEIJOO
Title: MEMBER

Dated: ____June 24____, 2022

_____/s/_____
**LUIS FEIJOO**

Dated: __6/24__, 2022

13