```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
JOAQUIN CORTES and RAUL MERA,                                :
                                                             :
                              Plaintiffs,                    :
                                                             :                    20-CV-9619 (VSB)
                  -against-                                  :
                                                             :                    OPINION & ORDER
DS BROOKLYN PROTCOLIO OWNER LLC,                             :
et al.                                                       :
                                                             :
                              Defendants.                    :
                                                             :
-------------------------------------------------------------X
```

Adam Joseph Sackowitz
Eliseo Cabrera
Katz Melinger PPLC
New York, New York
*Counsel for Plaintiffs*

Sarah Wieselthier
Fisher & Phillips LLP
Murray Hill, New Jersey
*Counsel for Defendants DS Brooklyn Portfolio Owner LLC, DS 138 Ludlow LLC, Delshah Management, LLC, Delshah Capital LLC, DS 130 Orchard LLC, and Luis Feijoo*

Patrick James Boyd
The Boyd Law Group, PLLC
New York, New York
*Counsel for Defendants Tier 1 Group LLC and Luis Feijoo*

VERNON S. BRODERICK, United States District Judge:

On June 24, 2022, the parties filed a letter seeking approval of the settlement agreement they had reached in this Fair Labor Standards Act ("FLSA") case. (Doc. 89 ("Settlement Ltr."); *see also* Doc. 88 ("Settlement").) Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 806–07 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to this Court that their

1

settlement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).  Having reviewed the materials before me, I find that the Settlement is fair and reasonable.

## I.       Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]."  *Id.*  The Second Circuit has described a presumptively reasonable fee as one "'that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.'"  *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)).  A fee may not be reduced "'merely because the fee would be disproportionate to the financial interest at stake in the litigation.'"  *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it."  *Id.* at 597.

## II. Discussion

### A. *Settlement Amounts*

When assessing the fairness of a settlement amount in a FLSA action, courts in this circuit consider a "maximum possible recovery," which includes all possible bases entitling a FLSA plaintiff to monetary relief, such as "liquidated damages." *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 316, 322 (S.D.N.Y. 2021); *Zorn-Hill v. A2B Taxi LLC*, Case No. 19-CV-1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) ("The percentages provided by the Parties undercount the [p]laintiffs' alleged damages and best-case return" because "they do not include liquidated damages" and "possible statutory damages"); *Vargas v. Pier 59 Studios L.P.*, 18-CV-10357 (VSB), 2020 WL 8678094, at *1 (S.D.N.Y. Sept. 10, 2020) ("Plaintiff's calculation of potential recovery does not appear to include the possibility of liquidated damages, which FLSA authorizes at a rate of 100 percent of unpaid wages"). Because of this, parties seeking approval of a FLSA settlement must supply a calculation that addresses all possible sources of a plaintiff's potential damages. *See, e.g.*, *Ramos v. DNC Food Serv. Corp.*, 19-CV-2967 (VSB), 2022 WL 576300, at *2 n.1 (S.D.N.Y. Feb. 25, 2022) (calculating damages based on "unpaid minimum wage, unpaid overtime premiums, unpaid spread of hours premiums, liquidated damages, wage notice and wage statement damages, and interest as of the date of the mediation statement.") (internal quotation marks omitted); *Kanchanawong v. Amobee, Inc.*, 21-CV-4409 (VSB), 2021 WL 6500139, at *2 (S.D.N.Y. Dec. 27, 2021) (assessing a settlement breaking down the sources of possible damages as stemming from "around $51,000 in unpaid wages, $51,000 in liquidated damages, and $10,000 for violations of the Wage Theft Prevention Act."); *Galindo v. E. Cnty. Louth Inc.*, 16 Civ. 9149 (KPF), 2017 WL 5195237, at *4 (S.D.N.Y. Nov. 9, 2017) ("The settlement amount that Plaintiff is to receive, $5,292, would cover all back wages, liquidated damages, and statutory penalties.").

Here, the total settlement amount is $90,000, with $58,555.28 being due to Plaintiffs after attorneys' fees and costs. (*See* Settlement Ltr. at 2–3; Settlement at 1–2.) Of the $58,555.28 amount, Plaintiff Joaquin Cortes ("Cortes") would receive $46,844.22, and Plaintiff Raul Mera ("Mera") would receive $11,711.06. (*See* Settlement at 1–6 (setting forth a breakdown of payments to be made to Cortes, Mera, and their counsel, respectively).) Cortes alleges that he worked at Defendants' buildings, including as a superintendent, between July 2016 and October 2019, and that he is owed "$115,943.91 in unpaid overtime wages, plus liquidated damages, wage and payroll notice penalties, interest, costs, and attorneys' fees." (Settlement Ltr. at 1–2.) Factoring in liquidated damages, this means that Cortes's total possible recovery is at least $231,886. *See Vargas*, 2020 WL 8678094, at *1.

Mera alleges he was hired to renovate three apartments and to be paid a total of $34,000, but that Defendants only paid him $9,000 for work performed on the first two apartments; Mera did not complete work on the third apartment after Defendants allegedly failed to pay him amounts due. (Settlement Ltr. at 2.) Mera alleges he is owed $21,250 in unpaid compensation, plus liquidated damages and payroll notices, among other things. (*Id.*) If Mera is found to be an independent contractor ineligible for FLSA protections, he would pursue an alternative claim under the New York City Freelance Isn't Free Act ("FIFA"). (*Id.* at 1.) Under either FLSA's liquidated damages provision or FIFA's similar provision, this means that Mera's total possible damages are at least $42,500. *Vargas*, 2020 WL 8678094, at *1 (noting that "FLSA authorizes [liquidated damages] at a rate of 100 percent of unpaid wages); *Varn v. Orchestrade, Inc.*, No. 19-CV-2875 (MKB), 2022 WL 900855, at *5 (E.D.N.Y. Mar. 28, 2022) ("FIFA was passed largely to protect freelance workers who were denied compensation by *inter alia* imposing double damages on companies that breached agreements." (quoting *Turner v. Sheppard Grain Enters., LLC*, 127 N.Y.S.3d 260, 262 (Sup. Ct. N.Y. Cnty. 2020))).

Factoring in solely liquidated damages on top of alleged back pay, then, Plaintiffs' total recovery is at least $274,366. The parties say the Settlement is fair and reasonable because "Plaintiffs will recover a net of $58,555.28 after costs and attorneys' fees," which they characterize as "a significant portion of the unpaid wages to which they allege they are owed." (Settlement Ltr. at 3.) They thus fail to frame their argument, as they must in the context of seeking FLSA settlement approval, as one where a settlement's amount is measured against "all possible bases entitling a FLSA plaintiff to monetary relief." *Miranda v. Grace Farms, Inc.*, 16-CV-1369 (VSB), 2022 WL 1771720, at *4 (S.D.N.Y. May 31, 2022) (collecting cases).

However, when attorneys' fees and costs are factored in, the Settlement provides Plaintiffs with $90,000, or approximately 32.8% of the $274,366 amount. Courts regularly analyze settlement amount reasonableness with an amount that is "inclusive of attorneys' fees," *see, e.g.*, *Curko v. Embe Rest. Corp.*, 21-CV-5977 (VSB), 2022 WL 2163784, at *2 (S.D.N.Y. May 27, 2022); *Colon v. Morgan Grp. LLC*, 21-CV-8699 (VSB), 2022 WL 2163787, at *2 (S.D.N.Y. May 24, 2022), and courts regularly approve settlement amounts that, as a percentage of total recovery, are far lower than the 32.8% due under the Settlement, s*ee, e.g.*, *Cronk*, 538 F. Supp. 3d at 323 (collecting cases including one with an approved settlement amount of 20% (citations omitted)). Further, in their letter, the parties indicate that Defendants produced documents that contradict the number of hours Cortes alleges he worked, and they raise issues concerning which of the Defendants actually employed either of Plaintiffs. (Settlement Ltr. at 3.) This latter issue matters because, if litigated, it may turn out that the Defendants with the deeper pockets may not be liable at all, which might reduce the amount that Plaintiffs could recover. (*See id.*) As written, the Settlement avoids the issue by setting forth a schedule under which all Defendants pay towards the total amount. (*See* Settlement at 1–4.)

5

In light of these case-specific factual concerns, and the 32.8% recovery, I find the Settlement amounts reasonable.

### B.   *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery." *Zorn-Hill*, 2020 WL 5578357, at *6. Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (finding that "the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts…").

Under the Settlement, Plaintiffs' counsel would receive $29,277.64 in fees and $2,167.08 in costs for the initial filing fee, the cost for a process server, and the costs related to an earlier and now-mooted motion for default judgment translated into Plaintiffs' native Spanish. (Settlement Ltr. at 4 & n.1.) Plaintiffs' counsel are entitled to one-third of the total recovery under their contingent fee agreement with Plaintiffs. (*Id.* at 4.) Under a lodestar approach, without any multiplier, Plaintiffs' counsel would be due $39,397. (Doc. 89-1 at 7.) Given this, I find the amount due to Plaintiffs' counsel under the Settlement to be fair and reasonable.

I have reviewed the other terms of the Settlement, and I see nothing in it that would render it not fair and reasonable.

**III.     Conclusion**

Accordingly, and for the foregoing reasons, I find that the Settlement is fair and reasonable. Therefore, it is APPROVED.  The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

Dated:     September 27, 2022
           New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge